UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINCOLN MORRIS, | ) |
|         PLAINTIFF, | ) |
| V. | ) CASE NO.: 1:21-CV-1953 |
| STEEL DYNAMICS, INC. AND JONATHAN PLEMONS, | ) |
|         DEFENDANTS. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Lincoln Morris brings this action against Steel Dynamics, Inc. and Jonathan Plemons for violation of the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*, and in support of his Complaint shows as follows:

**PARTIES**

1. Morris is an individual who resides in Montgomery County, Indiana.

2. Morris began working for Steel Dynamics in August 2014.

3. At the times relevant to his claims, Morris was an eligible employee of Steel Dynamics within the meaning of the FMLA, 29 U.S.C. §2611(2).

4. Steel Dynamics, Inc. is an Indiana corporation with its principal office at 7575 W. Jefferson Boulevard, Fort Wayne, Indiana.

5. Steel Dynamics employed Morris at its location in Pittsboro, Indiana.

6. At the times relevant to Morris' claims, Steel Dynamics was Morris' employer within the meaning of 29 U.S.C. §2611(4).

7. Plemons was Morris' employer within the meaning of 29 U.S.C. §2611(4) inasmuch as he acted, directly or indirectly, in the interest of an employer, specifically Steel Dynamics.

## JURISDICTION AND VENUE

8. This Court properly has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §1331 because Plaintiff is asserting a claim arising under federal law.

9. This Court is a proper venue for this action pursuant to 28 U.S.C. §1391 because a substantial portion of the events giving rise to Morris' claim occurred within this judicial district.

## STATUTORY COVERAGE

10. Steel Dynamics is subject to the requirements of the FMLA under 29 U.S.C. §2611(4) because it is engaged in commerce or an industry affecting commerce and employed 50 or more employees during each working day during 20 or more calendar weeks in the current or preceding calendar year.

11. Morris was an eligible employee within the meaning of 29 U.S.C. §2611(2) inasmuch as he had been employed for at least 12 months and had worked at least 1,250 hours in the preceding 12 months.

## FACTUAL ALLEGATIONS

12. On June 14, 2021 Morris had been and was continuing to experience a serious health condition.

13. Specifically, Morris had been and was continuing to experience depression, anxiety, and post-traumatic stress disorder.

14. The depression and anxiety related, at least in part, to Morris' post-traumatic stress disorder.

15. Morris' post-traumatic stress disorder stems from an incident at work in which Morris was nearly killed in a workplace event.

16. On June 14, 2021 Morris saw Wendy Coglianese, the occupational health nurse for Steel Dynamics.

17. Morris' visit with nurse Coglianese revealed that Morris was unable to perform the functions of his job because of Morris' serious health condition.

18. Nurse Coglianese provided Morris with a letter dated June 14, 2021 which advised Morris that his condition may be deemed as FMLA covered, and notified him that he had fifteen days to provide the required certification from Morris' health care provider.

19. Before Morris could see his health care provider and complete the certification within the allotted 15-day time period, Steel Dynamics and Plemons fired him.

20. Specifically, Plemons told Morris on June 17, 2021 that Morris' employment by Steel Dynamics was terminated.

21. Plemons' proffered reason for the termination is that Morris did not notify his supervisor, Adam Claycomb, that Morris would be absent from work.

22. Plemons' proffered reason is a lie.

23. As instructed by nurse Coglianese, Morris notified Claycomb on Monday, June 14, 2021 that Morris would be absent from work because of FMLA covered leave.

24. At 8:15 AM Morris received an incoming call from Claycomb which lasted 54 seconds, during which Morris told Claycomb that he would be absent from work for FMLA covered leave.

25. Morris also sent a text message to Plemons at 5:05 PM on Tuesday, June 15, 2021 confirming his attempt to return Plemons' call.

26. On June 23, 2021, Morris completed his appointment with his health care provider.

27. Morris' health care provider completed the FMLA certification form.

28. Morris' FMLA certification form, completed by his health care provider, was hand delivered to nurse Coglianese's mailbox, as prescribed by her letter of June 14, 2021.

29. Morris' FMLA certification form was completed and delivered prior to the expiration of the 15 day period.

Count I - Violation of the Family and Medical Leave Act by Interference

30. By terminating Morris' employment because of absences protected by the FMLA, Plemons and Steel Dynamics interfered with with Morris' exercise of his rights under the FMLA.

31. By discharging Morris because of his use of the FMLA, Plemons and Steel Dynamics unlawfully discriminated against Morris because o this use of the FMLA.

32. Morris has been harmed by Plemons' and Steel Dynamics' wrongful, unlawful actions.

33. Plemons and Steel Dynamics did not act in good faith with respect to Morris and his rights under the FMLA.

**PRAYER FOR RELIEF**

Morris demands judgment against Plemons and Steel Dynamics, and relief as follows:

a) An order reinstating Morris' employment, including seniority and perquisites of employment;

b) Payment of Morris' lost wages;

c) Payment of the value of the lost benefits and perquisites of employment;

d) Liquidated damages;

e) Morris' attorney's fees;

f) The costs of this action; and

g) All other relief this Court determines to be necessary and appropriate.

/s/ Jason R. Ramsland
Jason Ramsland, #29443-29
Ramsland Law
8520 Allison Pointe Blvd
Ste 223 PMB 65298
Indianapolis, Indiana 46250-4299
765.267.1240
jason@rams.land

Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

/s/ Jason R. Ramsland

Jason R. Ramsland (#29443-29)
